IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RAESHON STRICKLAND,<br><br>      Plaintiff,<br><br>v.<br><br>ASSOCIATED FOOD STORES, INC.;<br>DOES 1 through 50, inclusive,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br><br>Case No. 1:23-CV-30-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Associated Food Stores, Inc.'s ("AFS") Motion to Dismiss. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

Plaintiff began working for Defendant AFS in January 2020. Plaintiff alleges that during her employment she was subject to harassment and discrimination by her co-workers and supervisors. Plaintiff further alleges that AFS ignored her complaints. She brings claims under Title VII, 42 U.S.C. § 1981, and for intentional infliction of emotional distress. Plaintiff also seeks punitive and liquidated damages.

II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as

1

the nonmoving party.[1] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[2] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[3] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[4]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the complaint alone is legally sufficient to state a claim for which relief may be granted."[5] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[6]

III.  DISCUSSION

A.   COUNTS 1 AND 4

Defendant first argues that Plaintiff's Title VII claim must be dismissed as against the individual defendants. Defendant is correct that Title VII claims may only be brought against an

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] *Iqbal*, 556 U.S. at 679 (internal citations, quotation marks, and alterations omitted).

employer, not the employee whose conduct is alleged to violate the Act.[7] Therefore, to the extent Plaintiff seeks to assert a Title VII claim against the Doe Defendants, such claims are subject to dismissal.

Defendant also seeks dismissal of Plaintiff's fourth cause of action. As an initial matter, it is unclear whether Plaintiff has pleaded a fourth cause of action. Plaintiff's Complaint lists three "counts" and then includes a section requesting punitive and liquidated damages. To the extent Plaintiff is asserting an independent cause of action for punitive and liquidated damages, that claim must be dismissed. Such damages are not an independent cause of action but a type of relief.[8] However, nothing in this Order should be seen as precluding Plaintiff from seeking and obtaining any type of relief available under the law. The type of damages, if any, Plaintiff may recover is an issue better left for another day.

B.   COUNT 3

Defendant next argues that Plaintiff's intentional infliction of emotional distress claim is barred by an exclusive remedy provision of the Utah Workers' Compensation Act ("UWCA").[9] The UWCA "is intended to be the exclusive remedy an employee has against an employer for any injury incurred by the employee arising out of . . . employment."[10] The exclusive remedy

---

[7] *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083 n.1 (10th Cir. 2007) ("Under long-standing circuit precedent, supervisors and other employees may not be held personally liable under Title VII.")

[8] *Howell Petroleum Corp. v. Leben Oil Corp.*, 976 F.2d 614, 622 (10th Cir. 1992) ("A request for damages, however, does not constitute a cause of action; rather damages are a remedy for a legal wrong.").

[9] Utah Code Ann. § 34A-2-105.

[10] *Matthews v. Kennecott Utah Copper Corp.*, 54 F. Supp. 2d 1067, 1076 (D. Utah 1999).

provision includes both physical and mental injuries.[11] However, the UWCA's exclusive-remedy provision does not bar civil claims if the intentional-injury exception applies.[12]

The intentional-injury exception applies if a party "assert[s] sufficient facts to support a reasonable inference that the employer knew the injury was virtually certain to occur."[13] This is a high bar. Plaintiff must allege facts beyond Defendant having a "knowledge or appreciation of risk" or even that Defendant was aware "some injury was substantially certain to occur at some time."[14] "Instead, the facts must support a reasonable inference that the employer believed injury was virtually certain to occur."[15]

Plaintiff has failed to plead sufficient facts to create a reasonable inference that Defendant knew her alleged injuries were virtually certain to occur. Plaintiff alleges that Defendant "acted with the intent to injure, cause, and to inflict emotional distress, wantonly, or at a minimum acted with reckless disregard of the probability of causing emotional distress when it was certain or substantially certain that emotional distress would result from [its] conduct towards Ms. Strickland" and that Defendant "knew or expected that injury would be caused towards" her.[16] These allegations, however, are merely conclusory and are devoid of any further

---

[11] *Id.* (citing *Mounteer v. Utah Power & Light Co.*, 823 P.2d 1055, 1057 (Utah 1991)).

[12] *Christiansen v. Harrison W. Constr. Corp.*, 2021 UT 65, ¶ 16, 500 P.3d 825; *Kay v. Barnes Bullets*, 2022 UT 3, ¶ 14, 506 P.3d 530.

[13] *Christiansen*, 2021 UT 65, ¶ 18.

[14] *Id.* ¶ 21 (internal quotation marks and citation omitted).

[15] *Id.*

[16] Docket No. 2 ¶¶ 104, 106.

factual development. Therefore, they are not sufficient under *Twombly* and *Iqbal* and this claim will be dismissed.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 13) is GRANTED as set forth above.

DATED this 28th day of June, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge