THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Raeshon Strickland,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Associated Food Stores, and DOES 1 through 50, inclusive,<br><br>　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:23-cv-00030-TS-DBP<br><br>District Judge Ted Stewart<br><br>Chief Magistrate Judge Dustin B. Pead |

　　　　Before the court is Plaintiff's short form Motion to Compel Reimbursement of Expert Witness Deposition Fee.[1] For the reasons discussed herein, the court denies the motion.

　　　　This dispute arises from a misunderstanding between the parties. On November 15, 2024, Plaintiff served her Preliminary Disclosures identifying Louise F. Fitzgerald as an expert witness. Dr. Fitzgerald's deposition fee was also disclosed. On February 4, 2025, Defendant took Dr. Fitzgerald's deposition and an invoice for the deposition fee was sent on February 17, 2025, for payment. Follow up emails regarding payment were also sent, and on May 7, 2025, the response "We are working on this" was provided. This motion was then filed on May 15, 2025. Via Motion Plaintiff seeks payment in full of $2,500 for Dr. Fitzgerald's invoice no later than May 30, 2025. In addition, Plaintiff seeks attorney fees, expenses and relief under Rule 37.

　　　　Defendant opposes the motion asserting (1) there was not a meet and confer regarding the issue and (2) the invoice at issue, has been fully paid as of the May 21, 2025, the date Defendant filed a response. Defendant further sets forth the facts that led to the misunderstanding with an

---

[1] ECF No. 60.

email sent to defense counsel that had not been directly involved in the litigation, and not at all in discovery.

Rule 37 requires certification that the moving party has "in good faith conferred" with the opposing party to obtain discovery without court intervention.[2] Likewise, the District of Utah's Local Rule requires counsel to demonstrate "reasonable efforts to reach agreement on the disputed matters."[3]

Here the facts indicate that although Plaintiff sent emails regarding the issue, they were inadequate. The meet-and-confer requirement requires more than passing emails in the dark. It requires "reasonable efforts" such as a phone call or in-person meeting. Refusing to substantively discuss a motion before its filing is also inadequate. Thus, the court will deny the motion.

In addition, the conduct by Defendant here and the facts surrounding the dispute, do not warrant any imposition of attorney fees or costs under Rule 37. Rather, the Motion was filed prematurely and there is nothing before the court warranting draconian rewards for miscommunications between counsel.

Accordingly, the Motion is DENIED.[4]

DATED this 30 May 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[2] Fed. R. Civ. P. 37(a)(1).

[3] DUCivR 37-1(b)(2) (2024).

[4] In violation of the Local Rules, Plaintiff filed a response to the short form discovery motion contesting payment. The court presumes the good faith of counsel before it, including defense counsel's representation that payment has been issued. *See* DUCivR 37-1 (2024).